In the Matter of the Claim of STATE MUTUAL LIFE ASSURANCE COMPANY OF AMERICA, Appellant, v. ELIZABETH WALKER et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent.— AULISI, J. Appeal by the disability benefits carrier from a decision of the Workmen's Compensation Board which found that although the disability benefits carrier has a lien for disability benefits paid to claimant, it is not a lien against the award. Claimant, Elizabeth Walker, sustained an accidental heart injury on October 22, 1961. The resulting compensation claim was controverted and disability payments of $23 per week were commenced by appellant. Thereafter, appellant sent a letter dated January 22, 1962, to the board that it had commenced payments and indicated it was filing form DB-470, a preliminary claim for reimbursement. After several hearings and negotiations an award for compensation was made by an Acting Referee on March 11, 1963, and was paid by the compensation carrier on March 12, 1963. No provision was made for reimbursement from the award so paid. Subsequently, the appellant filed form DB-471, a final claim for reimbursement. Appellant contends that it has a statutory lien against the proceeds of any workmen's compensation award under subdivision 2 of section 206 of the Workmen's Compensation Law. In addition, the award dated March 11, 1963, was made by an Acting Referee who was unauthorized to act and said award was thereafter rescinded by the board and therefore the ultimate award appealed from was rendered after appellant had filed its final claim for reimbursement. The board found that appellant was entitled to reimbursement for the sum of the disability benefits paid claimant, but inasmuch as the award had already been paid and no moneys were any longer available, said reimbursement was not to be a lien on the award. We feel constrained to confirm the board's conclusion. Although, appellant may be the victim of flaws in the administrative process, it is questionable whether or not the preliminary claim for reimbursement was properly filed, and in any event, to enforce a lien against the compensation carrier who is an innocent party in that its only act was to promptly pay a compensation award determined against it, would be inequitable and unjust. Therefore, appellant is relegated to whatever recourse it might have against the claimant for reimbursement. Decision affirmed, without costs. Gibson, P. J., Herlihy, Taylor and Hamm, JJ., concur.