■ In the Matter of the Claim of MITZI ROTHSTEIN, Respondent, v. FULLER BRUSH Co. et al., Appellants. WORKMEN'S COMPENSATION BOARD,

Respondent.— REYNOLDS, J.  Appeal by the employer and its carrier from a decision and award of death benefits by the Workmen's Compensation Board on the ground that there is no substantial evidence to support the board's finding that the decedent sustained an accident within the meaning of the Workmen's Compensation Law.  On July 21, 1962, decedent, a door-to-door solicitor for the appellant employer, collapsed and died after climbing four flights of stairs while carrying an 11 pound fiber board case to deliver certain merchandise previously ordered by a customer.  The board has found that this activity constituted an "unusual strain and exertion" and was "arduous and of sufficient effect to precipitate the vascular demise", and that accordingly "claimant sustained an accidental injury arising out of and in the course of his employment."  These determinations, of course, are factual and thus within the sole province of the board if supported by substantial evidence.  Here there is competent medical proof that the exertion involved was substantial and therefore we cannot say that the board could not properly find that it was arduous work and was thus an accident (*Matter of Gillar* v. *Jarcho Bros.*, 282 App. Div. 968; *Matter of Klein* v. *Louis Candel, Inc.*, 280 App. Div. 1029).  *Matter of Marquit* v. *Arjay Sportwear* (28 A D 2d 1148) is not apposite to the present case.  Similarly the question of causal relationship is factual and again we cannot say that there is insufficient medical testimony to support the board's decision.  Admittedly a serious pre-existing condition was assumed, but claimant's expert clearly stated that he believed that the activity involved was "the precipitating factor for his death".  In addition the impartial expert stated that the activities could not be "eliminated as a significant factor".  Appellants urge that the medical testimony supportive of the board's decision is speculative, and while we might hope it would be more decisive, considering the nature of the case we cannot find it so devoid of probative value as to mandate a reversal (e.g., *Matter of Ernest* v. *Boggs Lake Estates*, 12 N Y 2d 414).  In the final analysis there is only the usual conflict in medical testimony and other evidence and the board's resolution of these factual issues cannot be disturbed here (*Matter of Palermo* v. *Gallucci & Sons*, 5 N Y 2d 529).  Decision affirmed, with costs to the Workmen's Compensation Board.  Gibson, P. J., Herlihy, Reynolds, Staley, Jr., and Gabrielli, JJ., concur in memorandum by Reynolds, J.