338

In the Matter of the Claim of Barbara F. Toy, Respondent, *v.* Morrison S. Levbarg et al., Appellants. Workmen's Compensation Board, Respondent.

Third Department, November 3, 1971.

*Herbert Lasky* (*Louis Busell* of counsel), for appellants.

*Thomas F. Toy* for claimant-respondent.

*Louis J. Lefkowitz,* Attorney-General (*Morris N. Lissauer* and *Daniel Polansky* of counsel), for Workmen's Compensation Board, respondent.

Sweeney, J. This is an appeal from a decision of the Workmen's Compensation Board, filed January 26, 1970, which awarded disability benefits under the Disability Benefits Law (Workmen's Compensation Law, art. 9).

This is a case of first impression as to whether claimant, by failing to file a notice of claim for disability benefits within 26 weeks of the date of disability, is barred from recovering, even

though a claim for workmen's compensation had been filed within such period of disability. Claimant, office manager for a pediatrician, ceased work on February 29, 1968 due to an allergy and dermatitis. On July 1, 1968 she filed a claim for compensation benefits alleging that her condition was brought about by the nature of her employment. That claim was controverted by the compensation carrier and a copy of the notice of controversy was sent to the employer's disability carrier. At the first hearing held on December 3, 1968 both carriers were represented, as was true of the next hearing at which notice in the claim was established on the basis of a letter of October 10, 1968 written by the employer. Proof of disability was furnished in the form of a medical report dated September 17, 1968. On January 17, 1969 claimant filed a notice and proof of claim for disability benefits with the disability benefits carrier. This claim was rejected on the ground, *inter alia,* that it was filed more than 26 weeks after disability commenced. The Referee awarded disability benefits to claimant and her compensation claim was thereafter disallowed on a finding of no accident and no occupational disease. The disability benefits carrier appeals from a board determination finding that it was unnecessary for claimant to file for disability benefits under subdivision 2 of section 206 of the Workmen's Compensation Law during the pendency of a controverted compensation claim.

Subdivision 2 of section 206, insofar as pertinent, provides: '' If an employee who is eligible for benefits under section two hundred three [disability during employment] is disabled and has claimed or subsequently claims workmen's compensation benefits under this chapter * * * and such claim is controverted on the ground that the employee's disability was not caused by an accident that arose out of and in the course of his employment or by an occupational disease * * * the employee shall be entitled in the first instance to receive benefits under this article for his disability ''. Section 217 requires that written notice and proof of disability shall be furnished within 26 weeks after the commencement of disability. It also provides that no benefits shall be paid for any period more than two weeks prior to the date on which the required proof is furnished if proof is filed after 20 days from commencement of the disability.

The only reasonable construction of subdivision 2 of section 206, in view of the broad concept of disability benefits, is that it allows a claim for workmen's compensation benefits to be treated as one for disability benefits also. '' It was designed to assist the employee of the State who suffered disability by bridging the

340

gap between the Workmen's Compensation Law and the Unemployment Insurance Law." (*Matter of Flo* v. *General Elec. Co.*, 7 N Y 2d 96, 99.) To give effect to the purpose of this statute, it seems clear that when the Legislature used the words "the employee shall be entitled in the first instance to receive benefits under this article for his disability", it intended that under the circumstances set forth the notice requirements of section 217 would be inapplicable. The statute uses no language limiting benefits to those claimants only who have complied with the notice requirements of section 217. We, therefore, construe subdivision 2 of section 206 to mean that the more liberal notice provisions for workmen's compensation claims may be used to satisfy the notice requirements for disability benefits claims where there has been a controverted claim for workmen's compensation benefits. Since claimant's notice of claim for workmen's compensation was filed within 26 weeks of the commencement of her disability, notice of disability to the employer was established and the employer was aware of and admitted the disability, claimant is entitled to disability benefits for the full 26 weeks. Both of the cases relied upon by claimant are readily distinguishable. *Matter of O'Esau* v. *Bliss Co.* (188 App. Div. 385) dealt solely with a workmen's compensation claim, whereas in *Matter of Whalen* v. *Allied Messenger Serv.* (12 A D 2d 1) there was a claim for disability benefits only.

The decision should be affirmed.

HERLIHY, P. J., REYNOLDS, GREENBLOTT and SIMONS, JJ., concur.

Decision affirmed, without costs.