■ In the Matter of BEVERLY WHITE, Respondent, v. METROPOLITAN LIFE INSURANCE COMPANY, Appellant. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeals from decisions of the Workmen's Compensation Board, filed

February 28, 1974 and April 19, 1974. The issues presented are whether the tubal ligation surgery to which claimant subjected herself and which resulted in postoperative inability to work was merely elective surgery and, if so, whether she is disqualified from receiving benefits under the Disability Benefits Law during the postoperative period. Claimant, an assembly-line worker, underwent a tubal ligation and was unable to work during the postoperative recuperation period. Her claim for disability benefits was rejected by the referee on the ground that the disability was caused by elective surgery and was therefore not covered by the Disability Benefits Law (Workmen's Compensation Law, art. 9). The board, by a divided vote, reversed and subsequently claimant was awarded benefits for the period from July 24, 1972 to August 20, 1972. There is evidence that: claimant consulted Dr. Mary Saxe on May 3, 1972 and reported suffering from severe cramps and backache, heavy menses and irregular discharges; Dr. Saxe diagnosed claimant's condition as a lacerated cervix, cystocele and rectocele, the latter a result of claimant's pregnancies; Dr. Saxe testified that surgery was required to correct these conditions and that she recommended an operative procedure refered to as "D and C", perineal repair and tubal ligation; the last operative procedure was recommended to prevent further pregnancies which would undo the beneficial effects of the corrective surgery; Dr. John Schultz, who performed said ligation, testified that cystocele and rectocele can become progressively enlarged with each pregnancy and that claimant was referred to him by Dr. Saxe for a tubal ligation. On this record, the board could find that the ligation was necessary to prevent further pregnancies which could aggravate the underyling condition and thus was not elective. As such, the postoperative inability to work comes within the ambit of the Disability Benefits Law (Workmen's Compensation Law, § 204, subd. 1). We need not address ourselves here to the question of whether disability arising out of purely elective surgery would be covered by said law. That issue is resolved in *Matter of Fullerton* v. *General Motors Corp.* (46 A D 2d 251.) Appellants argue that the instant claim does not fall within the ambit of the law and, if it does, that it is excluded from coverage by subdivision 4 of section 205. The Disability Benefits Law entitled to liberal construction to achieve the legitimate goal of compensating disabled employees (*Matter of Bauer* v. *590 West End Co.*, 28 A D 2d 1151, 1152; *Matter of Lemley* v. *State Mut. Life Assur. Co.*, 23 A D 2d 130, 131). Looking at the facts, with that rule of construction in mind, it is clear that the symptoms reported by claimant to her doctors fall within the definition of "injury" and "sickness" in subdivision 8 of section 201. Her inability to work resulted from following a medically prescribed course of treatment, albeit incompletely. As such, it cannot be said that said inability to work was "occasioned by the wilful intention of the employee to bring about injury to or the sickness of himself" (Workmen's Compensation Law, § 205, subd. 4). Decisions affirmed, without costs. Herlihy, P. J., Staley, Jr., Cooke, Sweeney and Reynolds, JJ., concur.