In the Matter of the Claim of WINSTON A. MCHEFFEY, Appellant, v INTERNATIONAL TALC CO., INC., et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent.

Third Department, March 4, 1976

*Oot & Fallon (John S. Hogg* of counsel), for appellant.

*Bond, Schoeneck & King (Charles T. Major* of counsel), for International Talc Co., Inc. and another, respondents.

*Louis J. Lefkowitz, Attorney-General,* for Workmen's Compensation Board, respondent.

MAHONEY, J. Claimant was employed by respondent International Talc Co., Inc. for 21 years until he was laid off on May 23, 1973, when International sold its business to Gouverneur Talc Corporation. He thereafter applied for work to the new owners at the same plant and was rejected because he was physically disabled from pneumoconiosis, a disease which resulted from exposure to talc dust over the period of two decades with his first employer. Thereafter, claimant filed a claim for workmen's compensation benefits, which was controverted by the State Insurance Fund on five grounds, one of which was the question of occupational disease occurring in the course of employment.

Claimant then applied for disability benefits under subdivision 2 of section 206 of the Workmen's Compensation Law, but

the respondent insurance company rejected the claim on the ground "that the Workmen's Compensation Carrier is controverting your claim for other reasons in addition to causal relation. Consequently, section 206, subdivision 2 of the New York Disability Benefits Law is not applicable". This argument was overruled by a Referee who awarded disability benefits, but on appeal the board found claimant was not entitled to such benefits on the grounds that (1) the disability (pneumoconiosis) resulted from sickness due to his employment and, consequently, he is precluded from receiving disability benefits pursuant to subdivision 9 of section 201 of article 9 of the Workmen's Compensation Law, and (2) his compensation claim, pursuant to subdivision 2 of section 206 of the Workmen's Compensation Law, was controverted on grounds additionally to the issue of causal relation.

There is substantial evidence in the record that claimant's disability is causally related to his former employment, thereby disqualifying him from benefits (Workmen's Compensation Law, § 201, subd 9). Accordingly, the decision of the board must be affirmed.

Since the board also sustained the contention of the compensation carrier that subdivision 2 of section 206 of the Workmen's Compensation Law was a proper ground for rejecting claimant's application for benefits, and since we can envision this section of the law being used in the future as a defense to an application by a claimant, not disqualified by subdivision 9 of section 201 of the Workmen's Compensation Law, we feel it proper to address ourselves to the construction of subdivision 2 of section 206 on this appeal.

In our view, the board erred in holding that disability benefits are not payable pursuant to subdivision 2 of section 206 of the Workmen's Compensation Law when a workmen's compensation claim is controverted on grounds in addition to causation.

Subdivision 2 of section 206 of the Workmen's Compensation Law provides in pertinent part: "If an employee who is eligible for benefits under section two hundred three or two hundred seven [disability while unemployed; as herein] is disabled and has claimed or subsequently claims workmen's compensation benefits under this chapter * * * and such claim is controverted on the ground that the employee's disability was not caused by an accident that arose out of and in the course of his employment or by an occupational disease

* * * the employee shall be entitled in the first instance to receive benefits under this article for his disability." The subdivision further grants to the disability carrier a lien for reimbursement against any subsequent workmen's compensation award.

The issue is one of law, namely, whether a claimant may obtain disability benefits under the above section where his workmen's compensation claim is controverted on other issues in addition to that of being caused by an accident which arose out of and in the course of his employment or by an occupational disease.

This is a question of first impression, and its resolution requires consideration of the over-all legislative scheme in promulgating the public policy of this State as enunciated in section 501 of the Labor Law. Therein, it is stated that "[i]nvoluntary unemployment is * * * a subject of general interest and concern which requires appropriate action by the legislature to prevent its spread and to lighten its burden, which now so often falls with crushing force upon the unemployed worker and his family." In furtherance of this salutary goal and with legislative recognition that an involuntarily unemployed disabled worker might be without funds for a considerable length of time, and thereby endure the trauma of economic instability which it is the announced policy of this State to alleviate (when his workmen's compensation claim is controverted on the issue of causation), subdivision 2 of section 206 of the Workmen's Compensation Law was enacted to insulate such worker from economic hardhsip by providing first instance benefits while the issue of causation is litigated. While the language of subdivision 2 of section 206 of the Workmen's Compensation Law is unambiguous, in its declaration that such benefits are payable to a disabled, unemployed employee who has claimed workmen's compensation benefits and such claim is controverted "on the ground that the employee's disability was not caused * * * by an occupational disease", the respondents would have us expand the parameters of the statute so as to preclude such payments when the carrier, at its election, controverts the claim "on the grounds additionally to the issue of causal relation alone". Respondents' position is premised on the contention that it was a legislative intent to provide interim benefits only in those instances where disability is unquestioned and the only ques-

tion is causal relationship of the disability to employment. As indicative of such intent, respondents point to the provision of section 206 that grants to' the carrier a lien for reimbursement only in those instances where a compensation award is made.

Respondents' contention is rejected as being violative of the public policy of alleviating economic insecurity due to unemployment (Labor Law, § 501) and, further, as being disharmonious with the literal meaning of subdivision 2 of section 206 of the Workmen's Compensation Law. Nowhere does the statute use words or language limiting disability payments when the compensation carrier controverts a claim on grounds other than causation, nor may such limitation be inferred from the plain meaning of the words and language used. The statute should be construed liberally and in harmony with the purpose to be accomplished *(Matter of Flo v General Elec. Co.,* 7 NY2d 96, 100). Section 206 of the Workmen's Compensation Law was designed to assist the employee who suffered disability by abridging the gap between the Workmen's Compensation Law and the Unemployment Insurance Law *(id.,* p 99; *Matter of Toy v Levbarg,* 37 AD2d 338, 339-340). It was a reaction to abusive delays in payments ultimately found to be due an injured worker (Gellhorn and Lauer, Administration of the New York Workmen's Compensation Law [Part III], 37 NYUL Rev 564, 605). If this be the purpose of the statute, and we so hold, it should be construed in harmony with the purpose to be accomplished. To hold otherwise, on the ground that compensation benefits may be disallowed on a ground other than causation and the disability carrier would thereby lose its lien, would not only frustrate the statutory scheme to alleviate temporary hardship but afford protection to a carrier's lien beyond the intendment of subdivision 2 of section 206 of the Workmen's Compensation Law (cf. *Matter of State Mut. Life Assur. Co. of Amer. v Walker,* 24 AD2d 804).

The decision should be affirmed, without costs.

KOREMAN, P.J., GREENBLOTT, SWEENEY and KANE, JJ., concur.

Decision affirmed, without costs.