■ In the Matter of the Claim of CARL E. SEAMON, Respondent, v LANDSTROM GRAVEL Co., et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent.—Appeals from decisions of the Workers' Compensation Board, filed May 19, 1977, July 25, 1977 and October 4, 1977, which held that claimant was entitled to receive nonoccupational disability benefits. Claimant was awarded disability benefits pursuant to article 9 of the Workers' Compensation Law because of an injury to his right hand. He testified that in attempting to recover his stolen car, he sustained the injury when he struck either the door post of the car or the driver after the driver refused claimant's request to get out of it. Appellants contend that claimant's award should be reversed because disability benefits may not be awarded for a disability caused by the "wilful intention of the employee to bring about injury to * * * himself or another" (Workers' Compensation Law, § 205, subd 4). We disagree. Although claimant's conduct was intentional, it does not follow that he willfully intended to injure himself or another (cf. *Matter of White v Metropolitan Life Ins. Co.,* 46 AD2d 964), for, as claimant testified, the purpose of his actions was to remove the driver from his car. Under these circumstances, the board's finding that "claimant did not wilfully intend to injure another when he sought to recover his automobile" is a factual determination supported by substantial evidence. Decisions affirmed, with costs to the Workers' Compensation Board. Greenblott, J. P., Mikoll and Herlihy, JJ., concur; Main and Larkin, JJ., dissent and vote to reverse in the following memorandum by Main, J. Main, J. (dissenting). We respectfully dissent. In attempting to recover his automobile which had allegedly been stolen by his nephew, claimant admittedly suffered a disabling injury to his hand when he struck either the door post of the vehicle or the face of his nephew who was in the driver's seat of the vehicle stopped at a traffic light. In his notice and proof of claim, claimant stated that his disability resulted from his hitting a man in the mouth, and, most significantly, he testified at the hearing on his claim that he "meant" to strike his nephew and was injured in the process of trying to do just that. Considered in the context of the statutory language quoted by the majority, these uncontested facts plainly preclude a disability award in this instance for the reason that a disability resulting from an employee's intentional attempt to

punch another in the face is undeniably caused by said employee's "wilful intention * * * to bring about injury to * * * himself or another" (Workers' Compensation Law, § 205, subd 4). Without question, when one attacks another with his fists as admittedly occurred here, an intention to injure must necessarily be inferred and a contrary conclusion can only serve to emasculate the statute and render it meaningless. Lastly, we would emphasize that the majority's comparison with *Matter of White v Metropolitan Life Ins. Co.* (46 AD2d 964) is obviously unwarranted. In that case a woman following a medically prescribed course of treatment underwent surgery which subsequently disabled her, and she was properly granted disability benefits. Her intentional submission to surgery is readily distinguishable from claimant's admitted intentional physical attack on his nephew, however, and the two situations cannot be reasonably analogized so as to justify affirmance of an award to claimant here. Additionally, it would seem that an award to claimant is unjustified because it would be premised upon an illegal act (Workers' Compensation Law, § 205, subd 4). Such being the case, the referee's decision denying claimant benefits should be reinstated, and the decisions of the board should be reversed.