■ In the Matter of Claim of JEAN ROSCOE, Respondent, v NEW YORK TELEPHONE COMPANY, Appellant. WORKERS' COMPENSATION BOARD, Respondent. — Levine, J. Appeal from a decision of the Workers' Compensation Board, filed December 15, 1983.

Claimant was employed as a repair service attendant by the self-insured employer when she became disabled due to hyperacidity of the stomach, asthenia, anemia and a gastric ulcer. The Workers' Compensation Board awarded claimant benefits for the entire period she was out of work, from January 30 through July 5, 1981.

On this appeal, the employer contends that claimant should not receive benefits for the period from May 26 through July 5, 1981 on the ground that medical evidence of claimant's disability for this period was not timely submitted.[*] It is undisputed that claimant gave the employer timely notification of the onset of her disability on January 30, 1981. Further, on April 30, 1981, she was examined by the employer's doctor, who authorized her absence from work from February 2 through May 11, 1981. However, there was no medical certification of her illness from May 11 through July 5, 1981 until claimant's physician submitted reports to the employer, dated July 2 and 6, 1981, stating that claimant was totally disabled from January 30 through July 5, 1981 but would be able to return to work on July 6, 1981.

The employer does not dispute that claimant was disabled during the entire period for which she was awarded benefits. It does, however, cite Workers' Compensation Law § 217 (1) as authority for its contention that it was not liable to claimant for benefits for the period from May 26 through July 5, 1981 due to her failure to submit evidence of her disability during that period in a timely fashion.

A review of the language of Workers' Compensation Law § 217 (1) discloses that this contention is without merit. It provides that: "Proof of such disability shall be furnished to the employer or carrier * * * not later than twenty days after commencement of the period of disability and thereafter from time to time *as the employer or carrier or chairman may require*" (emphasis supplied). The plain wording of this provision places on the employer or its carrier the burden of requesting from the claimant additional evidence of the employee's continuing disability before the claimant is required to supply it. It would certainly be unfair to permit the employer to remain silent during the claimant's period of disability and then seek to have

---

* The employer voluntarily paid disability benefits to claimant from February 2, 1981 through May 25, 1981.

benefits denied for not supplying medical data which it had never requested. This is especially true in view of the public policy of liberally construing the Disability Benefits Law (Workers' Compensation Law art 9) to achieve "the legitimate goal of compensating disabled employees" (*Matter of White v Metropolitan Life Ins. Co.,* 46 AD2d 964, 965; *see, Matter of McHeffey v International Talc Co.,* 51 AD2d 213, 217). It should also be noted that when claimant was required to submit medical evidence of her disability in response to the employer's notice of rejection, she complied by submitting a report from her doctor certifying her disability for the entire time that she was out of work.

Accordingly, we hold that the employer's contention that claimant violated Workers' Compensation Law § 217 (1) must be rejected and that the Board's award of benefits, being based upon substantial evidence in the record, must be affirmed.

Decision affirmed, with costs to the Workers' Compensation Board. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.