■ In the Matter of the Claim of EDWARD G. MURPHY, Respondent, v CROUSE-IRVING MEMORIAL HOSPITAL, Appellant. WORKERS' COMPENSATION BOARD, Respondent.—Kane, J. Appeal from a decision of the Workers' Compensation Board, filed December 22, 1987.

Claimant, employed as an emergency room physician by the self-insured employer, sustained a series of transitory ischemic attacks on March 18, 1982. He was awarded benefits as a

result of that incident by a Workers' Compensation Board decision dated April 29, 1986, from which no appeal was taken. Following his initial attack on March 18, 1982, claimant continued to work for the employer until he suffered a stroke at his home on December 26, 1982, after having been on duty in the emergency room the day before. He applied for and received disability benefits and thereafter filed a claim for workers' compensation, contending that the work-related transitory ischemic attack in March 1982 and the stressful nature of the work in the emergency room contributed to his stroke in December 1982. The Board ruled in claimant's favor and the employer has appealed.

Although the medical evidence on this issue is conflicting, the Board chose to accept the opinion of claimant's expert on the issue of causal relationship, and, accordingly, we must accept the finding on this issue (see, Matter of Palermo v Gallucci & Sons, 5 NY2d 529; Matter of Rothstein v Fuller Brush Co., 30 AD2d 748). Other issues raised on this appeal are either not properly before this court, since they were not raised before the Board or passed upon by it except as to the question of reimbursement to the employer for the payment of disability benefits to claimant. The record demonstrates that a claim for reimbursement was properly filed (Workers' Compensation Law § 206 [2]; 12 NYCRR 363.12), but not included in the award contained in the Board's decision, thus resulting in a double recovery to claimant. Accordingly, this matter must be remitted to the Board for further proceedings to provide for the reimbursement of disability benefits (see, Workers' Compensation Law § 224; Matter of State Mut. Life Assur. Co. v Walker, 24 AD2d 804).

Decision reversed, without costs, and matter remitted to the Workers' Compensation Board for further proceedings not inconsistent with this court's decision. Mahoney, P. J., Kane, Weiss, Levine and Harvey, JJ., concur.